THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>WENGUAN LEI,<br><br>　　　　　Defendant. | CASE NO. CR20-0171-JCC-10<br><br>ORDER |

This matter comes before the Court on Defendant Wenguan Lei's motion to suppress (Dkt. No. 306).[1] Having thoroughly considered the briefing and the relevant record, and finding oral argument unnecessary, the Court hereby DENIES the motion for the reasons explained herein.

I.   BACKGROUND

Defendant is charged with one count of conspiracy to manufacture and distribute marijuana and one count of manufacturing and possessing marijuana with intent to distribute. (Dkt. No. 129 at 1–2, 7.) In October 2020, the FBI searched his home, discovered an allegedly illegal marijuana grow, and placed Defendant in custody. (*See* Dkt. No. 324-3 at 2 (FBI report of

---

[1] Pursuant to the Court's local rules, the moving party must submit their motion and the supporting argument in one document. CrR 12(b)(1). Defendant did not comply with this requirement. While the Court nonetheless will consider the merits of Defendant's motion, it admonishes counsel to pay closer attention to the Court's rules prior to making future motions.

their search of Defendant's residence).) United States Postal Inspector Rod Stephens participated in the search and interviewed Defendant with the aid of an FBI interpreter. (*Id.* at 2–3.) The parties agree that this was a custodial interrogation, (*see generally* Dkt. Nos. 306-2, 324); agents advised Defendant of his *Miranda*[2] rights and he signed a written waiver. (*See* Dkt. No. 324-6 at 25 (waiver).) However, in his motion to suppress, Defendant asserts that he "was not properly read his *Miranda* rights" because the *Miranda* warning was not provided "in his own language," which invalidates his waiver. (Dkt. No. 306-2 at 2, 8.)

II.     DISCUSSION

The Fifth Amendment provides that "[no] person . . . shall be compelled in any criminal case to be a witness against himself." U.S. CONST. amend. V. The privilege against self-incrimination requires that law enforcement warn an accused person prior to a custodial interrogation. *Miranda*, 384 U.S. at 444. As a result, where law enforcement fails to administer *Miranda* warnings, courts presume that the defendant did not waive the privilege against self-incrimination. *Oregon v. Elstad*, 470 U.S. 298, 310 (1985). The Government has the burden to establish by a preponderance of the evidence that law enforcement complied with the *Miranda* requirements. *Cox v. Del Papa*, 542 F.3d 669, 675 (9th Cir. 2008) (citing *Colorado v. Connelly*, 479 U.S. 157, 168 (1986)).

Moreover, a defendant's "waiver of *Miranda* rights must be voluntary, knowing, and intelligent" for statements made during an interrogation to be admitted at trial. *U.S. v. Garibay*, 143 F.3d 534, 536 (9th Cir. 1998). A waiver is knowing and intelligent if "under the totality of the circumstances, it is made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *United States v. Doe*, 155 F.3d 1070, 1074 (9th Cir. 1998) (internal citation and quotation marks omitted). And a waiver is voluntary if "under the totality of the circumstances, the confession was the product of a free and deliberate choice rather than coercion or improper inducement." *Id.*

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Relevant factors in assessing whether a *Miranda* waiver is knowing, intelligent, and voluntary are whether the defendant (1) signed a written waiver; (2) received the advice of rights in his or her native language; (3) appeared to understand those rights; (4) had the assistance of a translator; (5) received a painstaking explanation of his rights; and (6) had experience with the American criminal justice system. *United States v. Amano*, 229 F.3d 801, 804–05 (9th Cir. 2000) (citing *Garibay*, 143 F.3d at 538). The presence or absence of coercion also weighs heavily in determining if a waiver and the resulting statements made during an interrogation were voluntary. *Doe*, 155 F.3d at 1074. Here, these factors indicate that Defendant's waiver was knowing, intelligent, and voluntary.

Defendant argues the Government cannot show he made a knowing, intelligent, and voluntary waiver because the FBI interpreter translated the *Miranda* warning in Mandarin instead of Cantonese, the latter of which Defendant is apparently more fluent in. (Dkt. No. 306-2 at 2.) However, Defendant twice signed a written waiver. (*See* Dkt. No. 324-6 at 2 (waiver form).) While the form itself was in English, which Defendant asserts he cannot understand, (*see* Dkt. No. 306-4 at 1–2), the FBI interpreter read the form to him in Mandarin (*see* Dkt. No. 324-2 at 10–14 (English transcript of audio recording).) Moreover, even if Mandarin is not Defendant's native language, he indicated at the time that he understood the translator's reading of the *Miranda* form to him, (*id.*), and the FBI interpreter also later indicated that she and Defendant maintained an 80% level of understanding throughout their encounter. (*See* Dkt. No. 324-7 at 3.)

Further, according to Defendant's declaration, he "would have been able to understand the translator *better* if she had been speaking Cantonese." (Dkt. No. 306-4 at 2 (emphasis added).) And he does not now claim that he could not understand the translator. Only that he did not understand *everything* said. (*See generally* Dkt. No. 306-2.) The Ninth Circuit has found a valid waiver in similar circumstances. *United States v. Shi*, 525 F.3d 709, 728 (9th Cir. 2008) (translator's 90 to 95% level of understanding during exchange with defendant not in his native

language, plus the defendant's statement that he understood a waiver form, supported finding of a valid waiver).

Defendant also indicated multiple times during the encounter that there were certain questions he would not answer and, eventually, he elected to terminate the conversation and invoke his right to counsel. (*See, e.g.*, Dkt No. 324-2 at 33, 41.) Although there is no suggestion that Defendant has prior experience with the American criminal justice system, this evidence indicates that Defendant understood his rights well enough to invoke them and was not unduly coerced by law enforcement.

Finally, the Court reviewed the audio recording[3] and translated transcript of the encounter, as provided by the Government. (*See* Dkt. No. 324-2.) Based on Defendant's contemporaneous responses, it appears that he understood, in all material resects, his rights and the questions asked of him. Moreover, the tone struck by Inspector Stephens throughout was respectful and conversational. At no times did it contain the aggression necessary to imply undue coercion.

Accordingly, the Court FINDS that the Government has met its burden of demonstrating that Defendant's waiver was voluntary, intelligent, and knowing, considering the totality of the circumstances

**III.   CONCLUSION**

For the foregoing reasons, Defendant's motion to suppress (Dkt. No. 306) is DENIED.

//

//

//

---

[3] Defendant further claims that, because he did not consent to the recording of his interrogation with Inspector Stephens, its introduction at trial should be barred. (Dkt. No. 306-2 at 8.) However, he also candidly admits that federal law only requires that *one* party to a conversation consent to its recording for it to be introduced. (*Id.*) Since Inspector Stephens's consent is unquestioned here, there is no need to further entertain this claim.

DATED this 28th day of June 2022.

_____

John C. Coughenour
UNITED STATES DISTRICT JUDGE